Electronically FILED by Superior Court of California, County of Riverside on 06/17/2022 11:34 AM
Case Number CVRI2202477 0000024743925 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William W. Bloch, SBN 133139<br>LA SuperLawyers Inc.<br>5670 Wilshire Boulevard, Suite 1300<br>Los Angeles, CA 90036<br>TELEPHONE NO.: (310) 477-7767    FAX NO.: (310) 550-6798<br>ATTORNEY FOR *(Name):* Faith Stowers | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Faith Stowers v. Adsync Technologies, Inc.; Kathleen Buckner, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CVRI2202477 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 14, 2022
William W. Bloch, SBN 133139
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Exhibit 1

3

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2

Exhibit 1

4

Electronically FILED by Superior Court of California, County of Riverside on 06/17/2022 11:34 AM
Case Number CVRI2202477 0000024743924 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

ADSYNC TECHNOLOGIES, INC., a corporation; KATHLEEN
BUCKNER, an individual; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

FAITH STOWERS, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside County Superior Court

4050 Main Street
Riverside, CA 92501

| CASE NUMBER:<br>(Número del Caso): |
|---|
| CVRI2202477 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William W. Bloch, Esq., 5670 Wilshire Boulevard, Suite 1300, Los Angeles, CA 90036, (310) 477-7767

DATE:
*(Fecha)*   06/17/2022

Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1

Electronically FILED by Superior Court of California, County of Riverside on 06/17/2022 11:34 AM
Case Number CVRI2202477 0000024743923 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

**LA SUPERLAWYERS INC.**
WILLIAM W. BLOCH, SBN 133139
5670 Wilshire Boulevard, Suite 1300
Los Angeles, California 90036
Telephone: (310) 477-7767
Fax: (310) 550-6798
lasuperlawyers@gmail.com

Attorney for Plaintiff FAITH STOWERS, an individual;

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| FAITH STOWERS, an individual; | Case No. CVRI2202477 |
| | COMPLAINT FOR DAMAGES FOR |
| Plaintiff, | 1. Retaliation in violation of FEHA |
| | 2. Gender-Based Harassment, Hostile Work Environment, in Violation of FEHA |
| v. | 3. Wrongful termination in violation of FEHA |
| ADSYNC TECHNOLOGIES, INC., a corporation; KATHLEEN BUCKNER, an individual; and DOES 1 to 100, inclusive, | 4. Failure to take all reasonable steps to prevent Harassment |
| Defendants. | |

COME NOW Plaintiff, and alleges as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff FAITH STOWERS ("Stowers") is and at all times herein mentioned was an individual residing in the County of San Bernardino, in the State of California.

2.     Plaintiff alleges on information that Defendant ADSYNC TECHNOLOGIES, INC. ("Adsync"), is a corporation at all times relevant conducting business in Riverside County, California. Adsync was at all times relevant Plaintiff's employer.

3.     Plaintiff is informed and believes that Defendant KATHLEEN BUCKNER ("Buckner") is an individual residing in Riverside County, California, and at all times relevant was and is employed by Defendant Adsync, as well as one of the persons who supervised

1

COMPLAINT FOR DAMAGES

Exhibit 1
6

1   Plaintiff at Adsync.

2       4.     Unless otherwise required by the context of the allegation, references to the

3   Defendants include each of their parents, subsidiaries, affiliates, divisions, predecessors,

4   successors, assigns, administrators, associates, alter egos, joint ventures, joint venturers, related

5   or affiliated entities, partners, owners, managers, contractors, agents, servants, employees,

6   assistants and/or consultants, and that each of them was the agent, servant, employee, assistant

7   and/or consultant of the other, acting within the course, scope and authority of said positions.

8       5.     Plaintiff sues fictitious Defendants DOES 1 through 100, inclusive, pursuant to

9   California Code of Civil Procedure § 474 because Plaintiff does not know their true names

10  and/or capacities, and upon ascertainment, will amend this Complaint with their true names and

11  capacities. Plaintiff is informed and believes, and on that basis alleges, that each of the

12  Defendants designated as a Doe is responsible in some manner for the injuries, damages, and/or

13  unjust enrichment herein alleged.

14      6.     Plaintiff is informed and believes and on that basis alleges that at all times

15  mentioned herein, each of the individual Defendants was in part acting within the course and

16  scope of his or her employment and was, at least in part, serving a purpose of his or her own in

17  carrying out the conduct described herein against Plaintiff and in so doing was motivated by

18  malice and ill will toward Plaintiff.

19      7.     Plaintiff is informed and believes and on that basis alleges that at all times

20  mentioned herein, each of the Defendants was acting in the employ of the other Defendants, and

21  that said conduct was authorized and ratified by each of said Defendants and its principals. All

22  the events described herein took place in Riverside County, CA.

23                          **BRIEF STATEMENT OF FACTS**

24      8.     In or about October 2021, Stowers began employment as an inventory clerk at

25  Adsync, a company that produces training and simulation systems, among other products, for

26  both civilian and government clients. While in this role, Stowers was periodically sexually

27  harassed by her supervisor, Defendant Buckner.  Plaintiff's work performance was outstanding,

28  and she earned three raises in just five months.

9.      In or about April 2022, Plaintiff Stowers complained of Defendant Buckner's behavior, both orally and in writing, to Heather Churchill ("Churchill"), her immediate supervisor. Churchill subsequently reported the matter to human resources. Plaintiff states on information and belief that Defendant Adsync failed to conduct a proper, neutral investigation of Plaintiff's complaints and refused to take any steps to protect Stowers from further harassment or retaliation.

10.      Instead, of taking Plaintiff Stowers's complaints seriously and acting to protect her, Defendant Buckner worked to create a noticeably more hostile work environment for Plaintiff after these complaints were lodged.  Buckner periodically stared and scowled at Stowers throughout the workday, and Plaintiff states on information and belief that Defendant Buckner frequently gossiped about Plaintiff when she left her seat, and sought to make Plaintiff uncomfortable, occasionally going so far as to time the length of Plaintiff's brief absences with her cell phone.

11.      Plaintiff Stowers further states on information and belief that Defendant Buckner attempted to intimidate Stowers by deliberately ignoring her while remaining friendly with Plaintiff's other coworkers, and making her enmity toward Stowers plain to other employees.

12.      On or about May 23, 2022, Plaintiff Stowers was wrongfully terminated from her position by Defendant Adsync, in retaliation for reporting the sexual harassment by Defendant Buckner.

13.      As a result of the harassment and retaliation, and failure to prevent harassment and retaliation, Plaintiff Stowers suffered mental and emotional distress and economic losses.

### FIRST CAUSE OF ACTION

Retaliation in Violation of FEHA

(By Plaintiff Against Adsync Technologies, Inc. and Does 1-100)

14.      Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

15.      Defendant Adsync acted in violation of the FEHA, by retaliating against Plaintiff for reporting Defendant Buckner's sexual harassment of Stowers to her supervisor, Heather

3

COMPLAINT FOR DAMAGES

Exhibit 1

8

1   Churchill. Defendants retaliated against Plaintiff in violation of the FEHA which states that an

2   employer shall not discharge or in any manner discriminate or retaliate against any employee by

3   reason of any action taken by the employee to invoke or assist in any manner the investigation or

4   enforcement of rights to be free of harassment and discrimination.

5        16.    Defendant's actions were a substantial factor in causing Plaintiff damages.  Also,

6   as a direct and proximate result of the actions of Defendant Adsync, including the termination of

7   Plaintiff's employment in violation of the FEHA, Plaintiff has suffered and will continue to

8   suffer lost wages and other employment benefits, and suffered and will suffer noneconomic

9   damages, in amounts to be proven at trial.

10       17.    Defendant's conduct described herein was outrageous and executed with malice

11  and with conscious disregard for Plaintiff's rights and further, with the intent, design and

12  purpose of injuring Plaintiff.  These wrongful actions were perpetrated by one or more managing

13  agents, or were ratified by one or more managing agents. As a proximate result of the actions

14  described herein, Plaintiff is entitled to recover punitive and exemplary damages in amounts to

15  be proven at trial, in addition to any other remedies and damages allowable by law.

16       18.    In addition, Plaintiff is entitled to recover her attorneys' fees in prosecuting this

17  lawsuit, pursuant to Government Code Section 12965(b).

18  **SECOND CAUSE OF ACTION**

19  Gender-Based Harassment, Hostile Work Environment, in violation of

20  FEHA, Gov. Code § 12900 *et seq.*

21  (By Plaintiff Against All Defendants)

22       19.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18 above,

23  as though set forth herein at length.

24       20.    The conduct of Defendants Buckner and Adsync, constituted gender-based hostile

25  work-environment harassment, for which Plaintiff's protected status and defendants'

26  discriminatory animus were a substantial motivating factor, all in violation of the FEHA.

27       21.    Said conduct was severe and pervasive and altered Plaintiff's working

28  environment.  It was offensive to Plaintiff (and would have been offensive to a reasonable female

4

COMPLAINT FOR DAMAGES

Exhibit 1

9

1  similarly situated to Plaintiff).

2      22.    Plaintiff made complaints to her supervisor, who reported them to human

3  resources; yet, in spite of her complaints, Defendants failed to remedy the conduct.  Such conduct

4  by Defendants created a hostile work environment and altered Plaintiff's work environment.

5  Defendants' actions and omissions to act conveyed a message that Defendants considered

6  females to be playthings, and to convey a message that advancement in the workplace would

7  depend on engaging in sexual conduct, and/or tolerating the sexual predations by management.

8  See *Miller v. Department of Corrections* (2005) 36 Cal.4th 446.

9      23.    As a proximate result of Defendants' discriminatory actions against Plaintiff, as

10  alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

11  benefits and additional amounts of money Plaintiff would have received if Plaintiff had not been

12  discriminated against by Defendants.  Plaintiff has also suffered non-economic damages,

13  including severe emotional distress.  Defendants are in violation of California *Government Code*

14  § 12940(j), which renders it an unlawful employment practice for an employer or any person to

15  harass an employee on the basis of her gender.

16      24.    Plaintiff filed a complaint with the Department of Fair Employment and Housing

17  ("DFEH") and has received a timely right-to-sue letter from them within 12 months of the filing

18  of the instant complaint.

19      25.    The wrongful conduct of Defendants set forth hereinabove was perpetrated upon

20  Plaintiff intentionally, willfully, in conscious disregard of Plaintiff's rights and safety, and with a

21  callous indifference to the injurious consequences which were substantially certain to occur and

22  was shameful, despicable and deplorable.  Plaintiff is further informed and believes that

23  Defendant Adsync, through one or more managing agents, had advance knowledge of the

24  wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to

25  occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety

26  of Plaintiff. Therefore, Plaintiff seeks exemplary and punitive damages against Defendants

27  according to proof.

28      26.    Plaintiff has also incurred costs and attorneys fees, in an amount to be

proven after trial, to which she are entitled to recover under law, pursuant to *Government Code* §

5
COMPLAINT FOR DAMAGES

Exhibit 1
10

1    12965(b).

2                        **THIRD CAUSE OF ACTION**

3                    (Wrongful termination in violation of FEHA

4                    Against Defendant Adsync Technologies, Inc.)

5            27.    Plaintiff realleges and incorporates by reference paragraphs 1 through 26, above,

6    as though set forth herein at length.

7            28.    In or about May 23, 2022, after Plaintiff had lodged complaints of harassment and

8    discrimination against Buckner with Adsync, Defendant Adsync terminated Plaintiff, as alleged

9    above.

10           29.    The above-said actions of Defendant Adsync were in violation of public policy as

11   expressed in the California Constitution, Art. 1, Section 8 and in violation of the FEHA,

12   *California Government Code* §§ 12940 et seq.  These laws and regulations affect and are

13   designed to protect women against sexual harassment and gender discrimination, and advance

14   important public policies.

15           30.    The termination of Plaintiff's employment was a substantial factor in

16   causing her damage and injury.  As a result of the aforesaid acts of Defendants, Plaintiff has lost

17   and will continue to lose income and benefits in an amount according to proof.  She has lost and

18   will also lose wages, salary, benefits, and certain other incidental; and consequential damages

19   and losses recoverable, including damages recoverable pursuant to California Civil Code § 3300.

20   Plaintiff claims such an amount as damages together with prejudgment interest pursuant to

21   California Civil Code § 3287, and/or any other provisions providing for prejudgment interest.

22           31.    As a  proximate result of Defendant's discriminatory action against Plaintiff, as

23   alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental

24   anguish, physical injury, severe emotional and physical distress and related non-economic harms.

25           32.     The wrongful conduct of Defendants set forth hereinabove was perpetrated

26   through one or more managing agents upon Plaintiff intentionally, willfully, fraudulently, in

27   conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious

28   consequences which were substantially certain to occur and was shameful, despicable and

deplorable.  Plaintiff is further informed and believes that Defendant Adsync had advance

                                      6
                        COMPLAINT FOR DAMAGES

Exhibit 1
11

1    knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur

2    and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the

3    rights and safety of Plaintiff. Therefore, Plaintiff seeks exemplary and punitive damages against

4    Defendant Adsync according to proof.

5         33.    Plaintiff has also incurred costs and attorneys fees, in an amount to be

6    proven after trial, to which they are entitled to recover under law, pursuant to *Government Code*

7    § 12965(b).

8                              **FOURTH CAUSE OF ACTION**

9         (Breach of Duty to Prevent Discrimination By Taking All Reasonable and Necessary

10        Preventative Steps By Plaintiff Against Adsync Technologies, Inc. and Does 1-100)

11        34.    Plaintiff realleges Paragraphs 1 through 33, inclusive, and incorporates them as

12   though set forth at length herein.

13        35.    At all times material, The Employer Defendant Adsync had a statutory duty to its

14   employees, including Plaintiff, to take all reasonable and necessary preventative steps to prevent

15   harassment and discrimination, under *Government Code* §12940(j).   Moreover, it was

16   reasonably foreseeable that the breach of such duty would cause Plaintiff to sustain injuries and

17   damages if Plaintiff were subjected to the wrongful conduct of the Defendants which is described

18   herein above.

19        36.    Pursuant to *Trujillo v. North County Transit District*, (1998) 63 Cal.App.4th 280,

20   Plaintiff has a right to bring a tort cause of action for such breach of duty.

21        37.    In spite of Defendant Adsync's duty to take all reasonable steps to prevent

22   harassment from occurring, including a duty to conduct a proper, neutral investigation after

23   Plaintiff's complaints were made, Defendants intentionally or carelessly breached such duty by

24   failing to have in proper place policies to educate the employees and address sexual harassment

25   and failing to properly investigate, and not properly training its management concerning

26   harassment and discrimination, causing Plaintiff damages, according to proof.

27        38.    As a direct and foreseeable result of the aforementioned acts of

28   Defendants, Plaintiff has suffered loss of wages and health benefits, severe and continuing

     emotional distress,  and other general and special damages in an amount to be proved at trial.

                                          7
                              COMPLAINT FOR DAMAGES

Exhibit 1
12

1   Plaintiff also incurred legal fees and costs for which she seeks recovery.

2          WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as

3   follows:

4          1.      For general damages in an amount to be ascertained according to proof;

5          2.      For special damages according to proof;

6          3.      For reasonable attorneys fees, pursuant to statutes, as applicable, including

7   *Government Code* §12965(b) as to all claims.

8          4.      For consequential and incidental damages in an amount to be ascertained

9   according to proof;

10         5.      For costs of suits incurred herein;

11         6.      For injunctive and equitable relief;

12         7.      For punitive and exemplary damages as to all but the fourth cause of action.

13         8.      For such other and further relief as the Court may deem just and proper.

14

15  DATED: June /6, 2022                         LA SUPERLAWYERS INC.

16

17                                              By:_____

18                                                  William W.  Bloch
                                                    Attorney for Plaintiff FAITH STOWERS

19

20

21

22

23

24

25

26

27

28

---

8

**COMPLAINT FOR DAMAGES**

Exhibit 1

13

Electronically FILED by Superior Court of California, County of Riverside on 06/17/2022 11:34 AM
Case Number CVRI2202477 0000024743926 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)<br>William W. Bloch, SBN 133139<br>LA SuperLawyers Inc.<br>5670 Wilshire Boulevard, Suite 1300<br>Los Angeles, CA 90036<br>TELEPHONE NO: (310) 477-7767    FAX NO. (*Optional*): (310) 550-6798<br>E-MAIL ADDRESS (*Optional*): lasuperlawyers@gmail.com<br>ATTORNEY FOR (*Name*): Faith Stowers | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER: Faith Stowers | |
| DEFENDANT/RESPONDENT: Adsync Technologies, Inc.; Kathleen Bucker; et al. | CASE NUMBER:<br>CVRI2202477 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:  92860 _____

☐   The action concerns real property located in the zip code of:  _____

☐   The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  06-14-2022 _____

William W. Bloch, Esq. _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____ (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localfrms/localfrms.shtml

Exhibit 1

14

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2202477

**Case Name:**    STOWERS vs ADSYNC TECHNOLOGIES, INC.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Chad Firetag in Department 3  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 06/20/2022                                                    W. SAMUEL HAMRICK JR.,
                                                                            Court Executive Officer/Clerk of Court


by: _____
                    A. Brown, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

Exhibit 1

15

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2202477

**Case Name:**    STOWERS vs ADSYNC TECHNOLOGIES, INC.

WILLIAM W. BLOCH
5670 WILSHIRE BLVD. SUITE 1300
Los Angeles,, CA 90036

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| **12/19/2022** | **8:30 AM** | **Department 3** |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-692-7358 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

Exhibit 1
16

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 06/20/2022                                    W. SAMUEL HAMRICK JR.,
                                                     Court Executive Officer/Clerk of Court



                                          by: _____
                                                     A. Brown, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Exhibit 1

17